IN THE CIRCUIT COURT
FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| DENISE MILLER<br>DONALD MILLER<br>9504 PRYDE DRIVE<br>CLINTON, MD 20735<br>(Prince George's County, Maryland)<br><br>*on their own behalf and on behalf of*<br>*all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>C & F FINANCE COMPANY<br>4660 SOUTH LABURNUM AVENUE<br>RICHMOND, VA 23231<br><br>Serve on: The Corporation Trust, Inc.<br>2405 York Road, Suite 201<br>Timonium, MD 21093<br><br>Defendant. | JURY TRIAL DEMANDED<br><br><br><br><br>Case No. CAL18-12432 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs Denise and Donald Miller ("Named Plaintiffs" or "Miller"), through their attorney Cory L. Zajdel, Esq. and Z LAW, LLC, hereby submits this Class Action Complaint against Defendant C & F Finance Company ("C & F Finance") and for support states as follows:

**I.    PRELIMINARY STATEMENT**

1.    Miller institutes this case against C & F FINANCE on their own behalf and on behalf of all others similarly situated for violating statutory and contractual obligations and seeks to recover statutory damages, liquidated damages, pre-judgment and post-judgment interest against C & F FINANCE for multiple violations of *Maryland's Credit Grantor Closed End Credit Provisions*, MD. CODE ANN., COMM. LAW §§ 12-1001 *et seq.* ("CLEC").

2. C & F FINANCE extends or is assigned secured financing for personal property to more than fifty (50) borrowers in Maryland each year.

3. C & F FINANCE extends or is assigned secured financing to more than fifty (50) borrowers in Maryland through credit contracts electing CLEC as the governing law each year.

4. C & F FINANCE charges a fee to its CLEC customers for collecting a payment by phone through a live representative or through an automated system and through the internet ("convenience fee").

5. C & F FINANCE charged and collected convenience fees to more than fifty (50) CLEC customers.

6. By charging and collecting its CLEC customers convenience fees, C & F FINANCE deprived its CLEC customers of valuable rights mandated by Maryland law.

7. C & F FINANCE violated Maryland law by charging and collecting convenience fees to its CLEC customers.

8. C & F FINANCE's repeated charges for convenience fees makes this case particularly suitable for resolution through a class action lawsuit.

## II. JURISDICTION

9. This Court has jurisdiction over this case under MD. CODE ANN., CTS. & JUD. PROC. § 1-501.

10. This Court has personal jurisdiction over Defendant C & F FINANCE pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 6-103(1)-(3), as C & F FINANCE systematically and continually transacts business in Maryland, the case arises out of a transaction that took place within Maryland, C & F FINANCE contracts to supply goods or services in Maryland, repossesses vehicles in Maryland and files lawsuits in Maryland's State Court System.

## III. PARTIES

11. Named Plaintiffs are natural persons currently residing at 9504 Pryde Drive, Clinton, MD 20735 (Prince George's County, Maryland).

12. Defendant C & F FINANCE is a Virginia Corporation doing business within this state and with its principle place of business located at 4660 South Laburnum Avenue, Richmond, VA 23231.

## IV. FACTUAL ALLEGATIONS

13. On or about August 31, 2013, Named Plaintiffs purchased a 2008 Ford Edge from Waldorf Ford, Inc.

14. Named Plaintiffs obtained financing for the purchase of the 2008 Ford Edge through the dealership that sold the vehicle, Waldorf Ford, Inc., which was memorialized in a Retail Installment Sale Contract ("RISC").

15. The RISC affirmatively elects to be governed under Subtitle 10 of Title 12 of the Commercial Law Article (*i.e.* CLEC).

16. Named Plaintiffs purchased the 2008 Ford Edge primarily for personal, family and household purposes.

17. The RISC by which Named Plaintiffs financed the purchase was assigned to C & F FINANCE.

18. The total amount financed in the RISC was $22,940.88.

19. The total amount of finance charges scheduled to be paid over the lifetime of the RISC was $12,281.37.

20. C & F FINANCE accepted the assignment of the credit contract.

21. Throughout the life of the CLEC credit account, Named Plaintiffs made numerous payments to C & F FINANCE.

22. C & F FINANCE received payments on Named Plaintiffs' account totaling less than the amount financed.

23. C & F FINANCE charged Named Plaintiff one or more convenience fees.

24. C & F FINANCE collected one or more convenience fees from Named Plaintiffs.

25. C & F FINANCE filed a lawsuit against Named Plaintiffs in the District Court of Maryland for Prince George's County attempting to collect any amounts allegedly due and owing on Named Plaintiffs' CLEC credit account.

26. Named Plaintiffs filed a Notice of Intention to Defend and hired counsel.

27. C & F FINANCE submitted documentary evidence and a sworn affidavit as evidence of its entitlement to the alleged outstanding deficiency balance on Named Plaintiffs' CLEC credit account.

28. C & F Finance propounded discovery on Named Plaintiffs.

29. Named Plaintiffs provided responses to C & F Finance's discovery.

30. A contested trial was scheduled for April 13, 2018 in the District Court of Maryland for Prince George's County.

31. C & F Finance dismissed the case with prejudice on January 16, 2018.

32. The dismissal with prejudice was entered on the docket by the clerk of the court on January 16, 2018.

## V. CLASS ACTION ALLEGATIONS

33. Named Plaintiffs brings this action on behalf of a Class which consists of:

> **All persons who entered into a credit contract governed by CLEC that paid a convenience fee to C & F FINANCE where C & F FINANCE collected less than the principal amount of the credit contract.**

Excluded from the Classes are those individuals: (a) who now are or have ever been executives of the Defendant and the spouses, parents, siblings and children of all such individuals; (b) whose credit accounts were discharged in a bankruptcy; (c) whose credit account resulted in a judgment in favor of C & F FINANCE prior to the date of the filing of this action; and (d) those individuals whose credit account was satisfied more than six (6) months prior to the date of the filing of this action.

34. The Class, as defined above, is identifiable. The Named Plaintiffs are members of the Class.

35. The Class consist, at a minimum, of fifty (50) total borrowers and is thus so numerous that joinder of all members is clearly impracticable.

36. There are questions of law and fact which are not only common to the Class but which predominate over any questions affecting only individual class members.

37. The common and predominating questions include, but are not limited to:

(a) Whether C & F FINANCE charged convenience fees to its CLEC customers;

(b) Whether it is a violation of CLEC to charge a convenience fee in connection with a CLEC loan account;

(c) Whether C & F FINANCE collected convenience fees from its CLEC customers; and

(d) Whether it is a violation of CLEC to collect a convenience fee in connection with a CLEC loan account.

38. Claims of Named Plaintiffs are typical of the claims of the respective members of the Class and are based on and arise out of similar facts constituting the wrongful conduct of C & F FINANCE.

39. Named Plaintiffs will fairly and adequately protect the interests of the Class.

40. Named Plaintiffs are committed to vigorously litigating this matter.

41. Further, Named Plaintiffs have secured counsel experienced in handling consumer class actions and complex consumer litigation.

42. Neither Named Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this claim.

43. Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class. MD. RULE 2-231(b)(3).

44. A class action is the superior method for fair and efficient adjudication of the controversy. MD. RULE 2-231(b)(3).

45. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

46. The likelihood that individual members of the Class will prosecute separate actions is remote also because each individual claim involves a small amount.

47. Counsel for Named Plaintiffs and the Class is experienced in class actions and foresees little difficulty in the management of this case as a class action.

## VI. CAUSE OF ACTION

### COUNT ONE
### (MARYLAND CREDIT GRANTOR CLOSED END CREDIT PROVISIONS)

48. Named Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further alleges:

49. CLEC restricts credit grantors from charging or collecting any fees, charges or interest not specifically enumerated in CLEC.

50. In violation of CLEC, C & F FINANCE charged Named Plaintiffs and the Class convenience fees.

51. In violation of CLEC, C & F FINANCE collected convenience fees from Named Plaintiffs and the Class.

### PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs respectfully prays that this Court:

A. assume jurisdiction of this case;

B. enter an order certifying the Class under MD. RULE 2-231(b)(3);

C. enter an order that C & F FINANCE pay to Named Plaintiffs and the Class the statutory penalties imposed by CLEC § 12-1018(a)(2);[1]

D. enter an award of pre-judgment and post-judgment interest on all sums awarded to Named Plaintiffs and the Class; and

E. award such other relief as the court deems appropriate.

---

[1] Pursuant to MD. RULE 2-305, Named Plaintiffs state that their claims total less than $75,000.00.

Respectfully submitted,

Z LAW, LLC

Dated: April 20, 2018        By: _____
                              Cory L. Zajdel, Esq.
                              2345 York Road, Suite #B-13
                              Timonium, Maryland 21093
                              (443) 213-1977
                              clz@zlawmaryland.com

**Attorney for Plaintiff**

## JURY TRIAL

Named Plaintiffs demands trial by jury on all issues so triable.

_____
Cory L. Zajdel